STATE FARM FIRE AND CASUALTY
COMPANY, Appellant,

v.

FIRST PROVIDENT CORPORATION,
Appellee.

No. 74–1882.

United States Court of Appeals,
Fourth Circuit.

Argued Sept. 12, 1975.

Decided March 31, 1976.

John L. Nettles, Florence, S. C. (McGowan, Nettles, Keller, & Eaton, Florence, S. C., on brief), for appellant.

T. Kenneth Summerford, Florence, S. C. (Evander G. Jeffords, Summerford & Jeffords, Florence, S. C., on brief), for appellee.

Before BRYAN, Senior Circuit Judge, and WINTER and WIDENER, Circuit Judges.

PER CURIAM:

This diversity case is an appeal of a judgment entered on account of a loss under a fire insurance policy against State Farm Fire and Casualty Company in favor of First Provident Corporation, ·a mortgagee, under a standard mortgage clause. The questions are whether notice given of a transfer of ownership of the property complied with the terms of the policy and whether State Farm is estopped to deny coverage. We affirm.

McGee had purchased a home in Florence, South Carolina, on which he had placed a

mortgage in favor of First Provident Corporation, and procured fire insurance from State Farm. The mortgage was assigned to Federal National Mortgage Association. McGee later sold the property by deed to Powers, who assumed the mortgage indebtedness. Powers, through a real estate agent, Newton, contracted to convey the property to Crawford at the time Crawford had paid Powers the sum of $2500, in addition to which Crawford had agreed to assume the mortgage payments. A loss by fire occurred on January 6, 1971, which was agreed to be $9,912.09.

As a result of the fire loss, Crawford sued State Farm, Newton, First Provident, and Powers. In Crawford's suit, Powers filed a cross-complaint against State Farm, and First Provident, among other pleadings, filed a cross-claim against State Farm upon which the judgment here appealed from was entered. McGee sued State Farm, which filed a third-party complaint against First Provident, Powers, Crawford, and Newton. In McGee's case, Powers filed a counter-claim against State Farm and a cross-complaint against Newton and First Provident. Also, in McGee's case, First Provident filed a cross-complaint against Crawford, a counter-claim against Powers, and a counter-claim against McGee and State Farm.

The two cases were consolidated for trial and were heard by the district court, without a jury, which took extensive oral evidence, considered a deposition and a multitude of exhibits, and filed its opinion in writing.

During the course of the trial or at its conclusion, all of the claims, counter-claims, and cross-claims were dismissed, except the district judge entered the judgment above referred to in favor of First Provident against State Farm in the amount of $9,912.09. There is no appeal from the dismissal of any claim, counter-claim, or cross-claim, and the sole question before us is the judgment against State Farm.

The mortgage payments had been falling behind some time before the fire and foreclosure proceedings were instituted by Federal National Mortgage Association directing First Provident to foreclose. The foreclosure proceedings were undertaken through an attorney. The foreclosure was not completed, but apparently as a consequence of those proceedings the conveyance of the property was made from McGee to Powers. First Provident had a rule that it must receive the deed, or a certified copy thereof, conveying property which it had under mortgage, showing the date and place of recording, before it would transfer a loan to a new owner or one who had assumed its loan. It had attempted to get a copy of this conveyance, which it had been advised had been made but of which it did not have the evidence it habitually required, several times between the time of the conveyance and the fire loss, but the deed was not delivered to First Provident until January 8th, two days after the loss. First Provident notified State Farm of the change of ownership the day it got the deed. On January 7th, the day following the fire, both First Provident and State Farm were notified of the loss. More than a month after the fire, on February 17th, State Farm, although knowing of the loss and change of ownership, accepted a payment of premium due on the policy for the coming year, February 12, 1971 until February 12, 1972. About a week after that, on February 25th, State Farm advised First Provident the policy was being canceled effective March 10th, some two weeks later, which placed the date of cancellation more than two months after the fire. State Farm, however, did not refund any premium until April 8th, about a month after the date of cancellation, and on that date did not refund any premium for the year in which the loss occurred, and only a part for the coming year.

Under this state of facts, the district court held that First Provident had not violated the clause in the insurance policy requiring notice be given of any change in ownership, or occupancy, or increase of hazard. It decided that the action of First Provident in notifying State Farm of the change in ownership was reasonable under

the circumstances; that First Provident had been attempting to secure a copy of the deed for about two months before the fire; that it had done all that could reasonably be expected of it; and that its rule requiring that an assumption of indebtedness be accompanied by the deed or a certified copy before a loan was transferred, was reasonable as protecting itself and its customers and lenders. The district court also decided that by accepting the premium after it knew both of the transfer and the loss, and, even upon refund of premium, keeping all of the premium for the year in which the fire occurred, while refunding only a part of that for the following year, State Farm waived or was estopped to rely upon any breach of the terms of the policy with respect to notice of change of ownership, considering for argument that the policy terms had been breached.

After reviewing the record, the briefs, and authorities cited, we are of opinion the findings of fact by the district judge were not clearly erroneous, FRCP 52(a), and that its conclusions of law are free from error.

Accordingly, we affirm for reasons sufficiently stated by the district court in its opinion.

AFFIRMED.

WINTER, Circuit Judge (concurring specially):

Because I am persuaded that State Farm waived First Provident's breach of its contractual duty to give reasonable notice of change of ownership, I concur in the result. I deem the case one of waiver, and not estoppel, because there is lacking an element of reliance by any party on any representation by State Farm. Rather, as the district court found, State Farm accepted a premium paid by First Provident after State Farm's agent and adjuster had knowledge of the change in ownership and possession of the insured property and State Farm failed to return any portion of the premium for the year in which the loss occurred. Indeed, State Farm accepted and

retained a portion of the premium for the year following the year of the loss.